UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

DANNY DUVAL,

    Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW, DANNY DUVAL, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant HOME DEPOT U.S.A., INC., a Foreign Corporation (hereinafter, "Defendant"), and states:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq.*, Chapter 760, Florida Statutes (Florida Civil Rights Act or "FCRA") and Florida Statutes § 440.205.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to

1

conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff was at all times relevant to this action, resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff is a member of a class protected under the Civil Rights Act, FCRA, ADA, and ADAAA in that he is a person with a disability as defined by those Acts.

7. Defendant is a foreign corporation authorized to do business in Florida. Specifically, Plaintiff worked at the store located at 2999 S.W. 32 Avenue, Miami, FL 33133. All facts which give rise to this complaint occurred in Miami, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the Title VII, ADA, ADAAA, FCRA.(42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

9. Plaintiff was an employee covered by Title VII, the ADA, the ADAAA and the FCRA in that he was subjected to dismissal from employment based on his disability and in retaliation for his disability and request for an accommodation.

10. Plaintiff alleges causes of action for violations of the Title VII, FCRA, ADA, and the ADAAA as a result of the Defendant's dismissal of Plaintiff from employment.

11. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

12. Plaintiff's Charge was filed on or about June 7, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

13. Plaintiff was terminated from his position on or about March 21, 2021. His Charge was therefore timely filed.

14. Plaintiff was issued a Notice of Right to Sue on March 14, 2022 ("Notice"). This suit is filed on accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

15. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

## GENERAL ALLEGATIONS

16. Plaintiff was employed by Defendant from November 2019 through on or about March 21, 2021, as an associate.

17. On or about February 6, 2021, Plaintiff had a work-related accident. Plaintiff tripped and fell while entering the break room due to a faulty door stopper. After filling out the incident report, Plaintiff was instructed to returned to work.

18. As a result of the accident, Plaintiff's left knee started to sweal and hit his head. Plaintiff was diagnosed with a femur fracture and left knee contusion and which limited his ability to walk, climb, and stand, for long periods of time. This condition is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impairs Plaintiff's major life activities as defined by the ADA and ADAAA.

3

19. On or about February 21, 2021, Plaintiff sought workers' compensation benefits for medical treatment in accordance with the provisions of the workers' compensation law.

20. As a result of the accident, Plaintiff requested not to be assigned tasks that required him to climb ladders several times a day as an accommodation.

21. Plaintiff made this request of his supervisor Lucy (LNU) a few days after the accident. Lucy denied Plaintiff's accommodation request and assigned Plaintiff tasks outside of his job description which required him to climb ladders several times a day.

22. On or about March 8, 2021, Plaintiff was informed he was terminated effective March 21, 2021 without prior notice or warning from his employer.

23. Plaintiff, throughout his tenure with Defendant, had a satisfactory work record. He was not disciplined during the course of his employment and was at all times qualified for his position.

24. Defendant advised Plaintiff that he was no longer needed. Upon Plaintiff's belief, Defendant's reason for termination was pretextual.

25. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's medical condition and/or requests for accommodation and/or request for workers compensation benefits were a motivating factor in the decision for the adverse employment action.

26. Defendant acted with intentional disregard for Plaintiff's rights under the FCRA, the FFCRA, the ADA, and the ADAAA.

27. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

28. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## DISABILITY DISCRIMINATION
## UNDER THE ADA AND ADAAA

29. Plaintiff incorporates herein the allegations in paragraphs 1-28, inclusive, as though same were fully re-written, and says:

30. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of his actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

31. Plaintiff was disabled as he suffered from multiple injuries to his left knee, head and leg that limited his overall motricity including his ability to walk, stand or climb for extended periods of time.

32. Plaintiff was at all times qualified to perform the essential functions of his job as a paint associate with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act Amendments Act (ADAAA), § 101(8) (42 U.S.C. § 12111(8)).

33. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination was the direct and proximate result of Plaintiff's actual disability/disabilities, which substantially limited him in one or more major life activity and/or Plaintiff's record of having such disability.

34. Defendant's alleged bases for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

35. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

36. Defendant engaged in unlawful employment practices in violation of 42 USC §2000e-2 by discriminating against Plaintiff because of his disability by terminating him because of his condition under the circumstances described above.

37. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

38. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Shaun, Lucy, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests that this court enter judgment against Defendant for:

    A.    Actual damages as a result of Defendant's discriminatory actions;

    B.    Punitive damages due to Defendant's willful behavior;

    C.    Compensatory damages;

    D.    Injunctive relief where feasible;

    E.    Attorney's fees;

    F.    Costs of this action; and

    G.    Any other relief this Court deems proper.

## COUNT II
## FAILURE TO ACCOMMODATE IN VIOLATION
## OF THE ADA AND ADAAA

39. Plaintiff incorporates herein the allegations in paragraphs 1-28, inclusive, as though same were fully re-written, and says:

40. Plaintiff was disabled as he suffered from multiple injuries to his left knee, head and leg that limited his overall motricity including his ability to walk, stand or climb for extended periods of time.

41. Plaintiff is, and at all times was, qualified to perform the essential functions of his job with or without a proposed reasonable accommodation.

42. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

43. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). At the time of his diagnosis, Plaintiff requested reasonable accommodations including to be allowed to continue in his position without assignments that required him to climb a ladder several times a day.

44. This request was reasonable and would not have caused Defendant undue hardship.

45. As a result of Defendant's action, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

46. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of Defendant's willful conduct in denying his request(s).

**WHEREFORE,** Plaintiff requests judgment against Defendant as follow:

    A. Actual damages as a result of Defendant's discriminatory actions;

    B. Punitive damages due to Defendant's willful behavior;

    C. Compensatory damages;

    D. Injunctive relief where feasible;

    E. Attorney's fees;

    F. Costs of this action; and

    G. Any other relief this Court deems proper.

**COUNT III**
**VIOLATION OF THE ADA AND ADAAA**
**(RETALIATION)**

47. Plaintiff incorporates herein the allegations in paragraphs 1-28, inclusive, as though same were fully re-written, and says:

48. Plaintiff requested a reasonable accommodation a few days after the accident. This request was made to his supervisor Lucy and manager Shawn (LNU) who knew of Plaintiff's disability.

49. Specifically, Plaintiff requested to limit the assignments that required him to climb a ladder several times a day.

50. As a direct result of Plaintiff's request for a reasonable accommodation, Plaintiff was terminated by Defendant on March 21, 2022 without valid reason.

51. Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAA.

52. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Shaun, Lucy, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

53. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

8

**WHEREFORE,** Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

B. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

54. Plaintiff incorporates herein the allegations in paragraphs 1-28, inclusive, as though same were fully re-written, and says:

55. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer:
> (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

56. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

57. Specifically, Plaintiff alleges that Defendant wrongfully denied his reasonable requests for an accommodation and terminated him as a result of having a limitation.

9

58. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited him in one or more major life activities, and/or Plaintiff's record of having such disability.

59. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

60. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

61. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

62. Based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT V
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (RETALIATION)

63. Plaintiff incorporates herein the allegations in paragraphs 1-28, inclusive, as though same were fully re-written, and says:

64. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

65. Plaintiff requested a reasonable accommodation a few days after his injury. These requests were made by to his supervisor Lucy and manager Shawn.

66. These requests were protected activity under the FCRA.

67. As a direct result of Plaintiff's request, Defendant terminated Plaintiff without valid cause.

68. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

69. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

70. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

71. Plaintiff further seeks his attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

  A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

  B. The Court award punitive damages as permitted under the law;

  C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

## COUNT VI
## VIOLATION OF WORKERS' COMPENSATION LAWS

72. Plaintiff incorporates herein the allegations in paragraphs 1-28, inclusive, as though same were fully re-written, and says:

73. Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

74. On or about February 6, 2021, Plaintiff suffered a work-related injury and sought workers' compensation benefits for medical treatment in accordance with the provisions of the Workers' Compensation Law.

75. On or about March 21, 2021, Plaintiff was terminated. Prior to his injury, Plaintiff had received positive reviews and recommendations from his supervisor, manager, and others and was not made aware of any performance deficiencies.

76. Plaintiff's compensation claim was a motivating factor in Defendant's decision to terminate Plaintiff, in violation of Florida Statutes § 440.205, as evidenced by the lack of disciplinary action or prior warning of work-performance related issues.

77. Plaintiff's work record with Defendant prior to his termination was satisfactory.

78. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

79. Any purported reason for Plaintiff's discharge given by Defendant is pretextual.

**WHEREFORE,** Plaintiff demands judgment for:

A. Plaintiff's lost wages and/or benefits as a result of his termination;

B. Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

C. Interest on all monies owed;

D. Assessment against Defendant for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes;

E. A trial by jury; and

F. Any other relief this Court deems proper.

SPACE INTENTIONALLY LEFT BLANK

**DEMAND FOR JURY TRIAL**

Plaintiff DANNY DUVAL demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: June 10, 2022

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive
Suite 290
Miami FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com


By: /s/ *Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com

15